614 A.2d 689

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Robert S. SEIDERS, Sr., Appellant.**

Supreme Court of Pennsylvania.

Submitted May 5, 1992.

Decided Sept. 16, 1992.

Joseph C. Messics, for appellant.

Bradford H. Charles, Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

Appellant, Robert S. Seiders, Sr., was convicted by a jury of statutory rape, involuntary deviate sexual intercourse, corruption of a minor, indecent assault and endangering the welfare of children. Post-trial motions were filed and denied, and Superior Court affirmed the judgment of sentence. 411 Pa.Super. 669, 593 A.2d 915. The sole issue on appeal is whether the trial court erred in admitting evidence of appellant's prior convictions for sexual offenses.

The relevant facts are as follows. Six year-old Reyna Gonzales spent the weekend of June 24, 1989, at appellant's home. Appellant, fifty-two at the time, was a close family friend known to Reyna and her family as "Uncle Pete." During the course of the weekend, appellant placed his finger inside Reyna's vagina, placed his erect penis against her vagina, had her hold his penis with her hand and placed his penis inside her mouth.

At trial the Commonwealth was permitted, over objection, to present evidence that appellant had been convicted of indecent assault and endangering the welfare of children less

than two years before the instant offenses. The earlier convictions arose from incidents involving two sisters, ages six and seven, in June, 1987.

 The often-stated rule in Pennsylvania governing evidence of other crimes is that such evidence is not admissible solely to show a defendant's bad character or propensity for continuing criminal acts.[1] *Commonwealth v. Billa,* 521 Pa. 168, 555 A.2d 835 (1989). At the core of the general rule is what Wigmore termed "a peculiar Anglo–American solicitude for the accused." I J. Wigmore, A Treatise on the Anglo–American System of Evidence in Trials at Common Law § 194 at 646 (3d ed. 1940). It is essential, both to the accused and to our system of criminal justice, that an accused obtain a trial on the specific charges against him and that he not be convicted on grounds that he possesses a criminal nature. Balancing these considerations with the concern that important probative evidence not be excluded out of hand, the courts have carved out numerous exceptions to this general rule. Thus, evidence of other crimes may be admitted where there is a legitimate evidentiary purpose for such evidence.

Some of the exceptions recognized by this Court as legitimate bases for admitting evidence of a defendant's distinct crimes include, but are not limited to, 1) motive; 2) intent; 3) absence of mistake or accident; 4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one naturally tends to prove the others; or 5) to establish identity of the person charged with the commission of the crime on trial where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other; 6) to impeach the credibility of a defendant who testifies in his trial; 7) situations where a defendant's prior criminal history had

---

1. Although this rule is generally stated in terms of "other crimes," the rule actually encompasses other crimes and/or violent acts. See *Commonwealth v. Lark,* 518 Pa. 290, 543 A.2d 491 (1988). See also L. Packel & A. Poulin, *Pennsylvania Evidence* § 405, at p. 159 (1987) (discussing this general rule in terms of "other crimes, wrongs or acts").

been used by him to threaten or intimidate the victim; 8) situations where the distinct crimes were part of a chain or sequence of events which formed the history of the case and were part of its natural development ... (citations omitted). *Billa, supra,* at 521 Pa. 177, 555 A.2d 835.

The admission of evidence is a matter vested in the sound discretion of the trial court, and an appellate court may reverse only upon a showing that the trial court abused its discretion. *Commonwealth v. Claypool,* 508 Pa. 198, 495 A.2d 176 (1985). In determining whether evidence of other crimes is admissible, the trial court must balance the probative value of such evidence against its prejudicial impact. *Commonwealth v. Lark,* 518 Pa. 290, 543 A.2d 491 (1988). Instantly, the evidence of appellant's prior convictions was offered to show "a common scheme, a common motive, that being pedophilia." (N.T. 12/4/89, p. 9). With respect to this common scheme, plan or design exception, Superior Court held that the crimes were not so related to each that proof of one naturally tended to prove the other. In reaching this conclusion, the court cited the sparse testimony regarding appellant's prior offenses. However, Superior Court did hold that the evidence was relevant "to a showing of appellant's motive/intent in committing the instant crimes." (Memorandum Opinion, 3/11/91 at p. 5).

In considering whether the probative value of the challenged evidence was relevant to the issue of intent, Superior Court determined that the prior crimes were relevant "to show that appellant intended to sexually assault the instant victim." Superior Court erred in this holding since intent was not at issue in this case. "Determination of the relevancy of evidence offered at trial requires a two-step analysis. It must be determined first if the inference sought to be raised by the evidence *bears upon a matter in issue in the case,* and, second, whether the evidence renders the desired inference more probable than it would without the evidence. (emphasis added) (citations omitted)." *Commonwealth v. Thornton,* 494 Pa. 260, 431 A.2d 248 (1981). Intent is not an element of the offenses with which appellant was charged. Moreover, appel-

lant did not predicate his defense at trial on grounds that any physical contact with the victim was innocent or accidental; rather, appellant denied that the criminal conduct in question ever took place.

With regard to the admissibility of evidence of other crimes to show present motive, such evidence must logically relate to the defendant's reason or purpose in committing the crime charged. Thus, in *Commonwealth v. Martin*, 479 Pa. 63, 387 A.2d 835 (1978), evidence that the victim had hit the defendant with a chair to stop the defendant from beating another with a shotgun was admissible to show the defendant's motive in killing the victim thirteen days later. Similarly, in *Commonwealth v. Banks*, 513 Pa. 318, 521 A.2d 1 (1987) *cert. denied* 484 U.S. 873, 108 S.Ct. 211, 98 L.Ed.2d 162 (1987), evidence that one of the murder victims had been slapped by the defendant and accused of planning to leave him was admissible to show the defendant's motive in later killing her. The connection between the prior acts and the charged offenses is clear in both of these cases since the prior acts shed light upon the possible motive in committing the crimes charged. Here, Superior Court found that evidence of appellant's prior crimes was relevant to show appellant's motive of receiving sexual gratification from young girls in the six and seven year age range. While sexual gratification is a common motive to both the prior crimes and the instant crimes, the requisite causal connection is absent. Accordingly, the evidence of the prior crimes was inadmissible to prove motive.

Because there was no legitimate evidentiary basis for admitting testimony of appellant's prior convictions, it was error to admit such evidence. Appellant is entitled to a new trial. The order of Superior Court is reversed.