**COMMONWEALTH of Pennsylvania,**
**Appellant,**

v.

**Henry MOORE, Appellee.**

Superior Court of Pennsylvania.

Submitted May 26, 1998.
Filed July 14, 1998.

---

Louis G. Stesis, Asst. Dist. Atty., Media, for Com., appellant.

Hugh A. Donaghue, Media, for appellee.

Before JOHNSON, JOYCE and BECK, JJ.

JOHNSON, Judge:

The Commonwealth appeals from the order that granted Henry Moore a new trial pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–46. We affirm.

On April 11, 1989, Moore was arrested in connection with an incident in which a homeowner was beaten and robbed, and her grandchildren terrorized, when an intruder broke into her home. The homeowner, Jean Crooks, sustained severe head injuries, and one of her granddaughters suffered lacerations to the head. After being identified as the perpetrator, Moore was charged with criminal attempt to commit murder, simple assault, aggravated assault, robbery, theft by

unlawful taking, recklessly endangering another person, and terroristic threats.

On September 18, 1989, a jury was selected and sworn to hear Moore's case; however, on September 19, 1989, the trial judge declared a mistrial because a number of the jurors had seen Moore in handcuffs. A new jury was immediately selected and sworn, but during deliberations, the trial judge again declared a mistrial after jurors indicated that they could not arrive at a unanimous decision and reported that one of the court officers had given them an improper suggestion.

Following this second mistrial, Moore filed a motion to dismiss, asserting that principles of double jeopardy barred his retrial. Following a November 28, 1989 hearing, the trial judge denied Moore's motion. Moore appealed. While Moore's appeal was pending, however, the trial court again set Moore's case for trial and overruled Moore's objection to the trial court's exercise of its jurisdiction in light of his appeal.

On January 12, 1990, the third jury impaneled to hear Moore's case found him guilty of one count each of criminal attempt to commit murder and aggravated assault, and two counts each of simple assault and robbery. The evidence against him included a positive identification by one of the victims and a full confession by Moore himself. The trial court denied Moore's post-trial motions. Moore then withdrew his previously filed appeal, and on July 16, 1990, the court sentenced Moore to twenty to forty years' incarceration. Moore, still represented by trial counsel, then filed a new appeal. This Court subsequently affirmed Moore's judgment of sentence. *Commonwealth v. Moore*, 419 Pa.Super. 660, 609 A.2d 585 (1992)(table).

On March 7, 1994, Moore filed a pro se petition for post conviction relief under the PCRA. Following the appointment of counsel, the filing of an amended petition, and an evidentiary hearing, the PCRA court granted Moore a new trial on the grounds that trial counsel rendered ineffective assistance by permitting the introduction of evidence relating to Moore's criminal history, and because the trial court lacked jurisdiction to retry Moore once he appealed the order that dis-missed his post-trial motions. The Commonwealth now appeals.

On appeal, the Commonwealth contends that the PCRA court erred in granting Moore a new trial because: (1) trial counsel had a reasonable basis for introducing evidence related to Moore's other crimes; and (2) the trial court had jurisdiction to retry Moore, despite the existence of his pending appeal, because Moore's double jeopardy claims were frivolous.

■■■■ Our review of the grant or denial of PCRA relief is limited to determining whether the record supports the findings of the post conviction court, and whether the court's order is otherwise free of legal error. *Commonwealth v. Yager*, 454 Pa.Super. 428, 434–36, 685 A.2d 1000, 1003 (1996)(en banc), *appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997); *Commonwealth v. Petroski*, 695 A.2d 844 (Pa.Super.1997). To be entitled to relief based on ineffective assistance of counsel, the PCRA petitioner must plead and prove, by a preponderance of the evidence, that his conviction resulted from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). To establish ineffective assistance, the petitioner must prove that the underlying claim has arguable merit, that counsel had no reasonable basis for the act or omission in question, and that but for counsel's faulty performance, the outcome of the proceeding would have been different. *Commonwealth v. Appel*, 547 Pa. 171, 199, 689 A.2d 891, 905 (1997); *Commonwealth v. Lewis*, 430 Pa.Super. 336, 341–43, 634 A.2d 633, 636 (1993). Counsel is presumed to be effective, and the petitioner bears the burden of showing otherwise. *Commonwealth v. Roberts*, 545 Pa. 460, 465, 681 A.2d 1274, 1276 (1996).

Here, the PCRA court concluded that Moore's trial counsel, Attorney Jon A. Larkin, rendered ineffective assistance by permitting the introduction of evidence related to Moore's criminal history. Commonwealth witness, Police Lieutenant Thomas Salerno, testified that Moore's housemate had advised

him that Moore was on probation or parole and that this information led the police to pull Moore's photograph from· department files. N.T., January 10, 1990, at 59. Lieutenant Salerno also testified that Moore requested that his parole officer be present at the time he made his statement to the police. *Id.* at 53, 66. Additionally, Moore's parole officer, Steven Lucey, explained that Moore was released on parole in February 1989 and that he was present when Moore made his confession. *Id.* at 148–49, 155.

Attorney Larkin made no objection to this evidence. In fact, in his opening statement, Attorney Larkin described his client as a convicted felon who had spent much of his life in jail. *Id.* at 26. After Moore took the witness stand in his own defense, Attorney Larkin elicited testimony from Moore indicating that he had prior criminal convictions for aggravated assault, forgery, and two robberies. N.T., January 11, 1990, at 38–40. Moore further explained that he was currently on parole for robbery. *Id.* at 40. Attorney Larkin never requested nor did the trial judge give a cautionary instruction regarding the jury's use of the foregoing evidence.

 Due to its prejudicial impact, evidence indicating that the defendant had previously been convicted of other crimes generally is not admissible, especially when offered to prove the character of the defendant or action in conformity with that character. *Commonwealth v. Miles*, 545 Pa. 500, 518, 681 A.2d 1295, 1304 (1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1472, 137 L.Ed.2d 684 (1997); *Commonwealth v. Ragan*, 538 Pa. 2, 19, 645 A.2d 811, 819 (1994). However, evidence of other crimes may be admissible when the need for such evidence outweighs its prejudicial effects, such as when offered to prove motive, intent, absence of mistake, common plan or scheme, or the identity of the person accused. *Miles, supra* ; *Commonwealth v. Fisher*, 452 Pa.Super. 564, 576–78, 682 A.2d 811, 817 (1996), *appeal denied,* 546 Pa. 691, 687 A.2d 376 (1996).

Because the Commonwealth has not argued that Moore's criminal history falls into one of the exceptions related to other crime evidence, we are compelled to conclude that Moore's claim that trial counsel improperly permitted the introduction of evidence concerning his criminal history has arguable merit. The Commonwealth, however, contends that Attorney Larkin had a reasonable basis for his actions. The Commonwealth asserts that Moore's parole status needed to be introduced to explain parole officer Lucey's presence at Moore's confession and the manner in which the police obtained Moore's photograph. Moreover, the Commonwealth maintains that Attorney Larkin had a reasonable basis for eliciting testimony from Moore regarding his previous convictions because this questioning was part of a trial strategy to establish that, despite Moore's criminal history, he was not guilty of the crimes charged.

After reviewing the record, however, we conclude, as did the PCRA court, that the evidence relating to Moore's parole status had no probative value and carried a material prejudicial impact. Such evidence did not relate to the crimes charged and was not a necessary part of the Commonwealth's case. The manner in which the police acquired Moore's photograph would not assist the jury in evaluating the evidence, and contrary to the Commonwealth's assertion, it was ·not necessary to apprise the jury of Lucey's relationship with Moore. Rather, by permitting the Commonwealth to indicate that Moore was on parole, Attorney Larkin enabled the jury to infer that Moore had been involved in other criminal activity. This evidence would tend to lead a jury to conclude that Moore would be likely to have committed the crimes ·in question. *See Commonwealth v. Sanchez*, 407 Pa.Super. 234, 238–40, 595 A.2d 617, 620 (1991)(noting that references to the defendant as an illegal alien were prejudicial because they permitted the jury to infer that the defendant was prone to engage in criminal conduct).

 Furthermore, while the Commonwealth could have introduced Moore's robbery and forgery convictions as *crimen falsi* to impeach Moore's testimony, Moore's aggravated assault conviction could not have been used for impeachment purposes. *See generally Commonwealth v. Yarris*, 519 Pa. 571, 588, 549 A.2d 513, 521 (1988)(noting that a witness may be impeached by evidence that

he has prior *crimen falsi* convictions, meaning those that bear on a witness's honesty and truthfulness, such as robbery or theft). Though defense counsel may seek to introduce evidence of the defendant's prior convictions in an effort to prevent the prosecution from first bringing out such evidence on cross-examination of the defendant, before doing so, counsel must be convinced that the evidence is available to the prosecution to impeach the defendant. *Commonwealth v. Zapata*, 455 Pa. 205, 208, 314 A.2d 299, 301 (1974)(holding that because the defendant's prior voluntary manslaughter convictions were not competent evidence in his trial on charges of aggravated assault, and because the defense "rested squarely" on the credibility of the defendant's own testimony, trial counsel rendered ineffective assistance by introducing evidence of these convictions).

Here, because Moore's previous aggravated assault conviction is not in the nature of *crimen falsi* and does not fall within the exceptions related to other crime evidence, the Commonwealth could not have introduced this conviction. *See Commonwealth v. Seiders*, 531 Pa. 592, 597, 614 A.2d 689, 692 (1992)(awarding the defendant a new trial where the defendant's previous sexual assault convictions were admitted in his trial for sexual assault and no exception permitting the introduction of such evidence applied). Nor is it apparent how such a strategy of introducing Moore's criminal history, which evidenced a pattern of conduct that resembled the charges against him, would be beneficial to Moore's case. Indeed, Moore's defense relied heavily on his own credibility, and evidence of his prior crimes could do nothing but undermine his testimony. *See Commonwealth v. Bond*, 261 Pa.Super. 311, 319–21, 396 A.2d 414, 418 (1978)(granting a new trial on grounds that the defendant's credibility was improperly undermined in his trial on robbery and assault charges, by evidence that the defendant had previously attempted to extort money from the victim). A jury, viewing the evidence in light of Moore's aggravated assault conviction, would likely conclude that because Moore had previously *been convicted* of aggravated assault, he had a propensity to commit crimes of violence such as those perpetrated against Jean

Crooks and her grandchildren. *Zapata, supra; Sanchez, supra.* After considering the nature of the references to Moore's criminal history and due to the fact that these references were extensive, we agree with the PCRA court that Attorney Larkin lacked a reasonable basis for his actions. *Id. See also Commonwealth v. Holloman*, 424 Pa.Super. 73, 82–84, 621 A.2d 1046, 1051 (1993)(holding that the defendant was entitled to a new trial where in his trial on robbery charges, the prosecution introduced evidence establishing that drugs had been found in his residence; the prior crimes evidence had no probative value and only served to damage the defendant's character).

In addition, at no time did Attorney Larkin request, nor did the jury receive, a cautionary instruction regarding the use of evidence concerning Moore's criminal history. Thus, the jury was never advised about how to consider this evidence. As a result, the jury could well have viewed Moore's crimen falsi convictions as propensity evidence, rather than as evidence relating to his truthfulness. *See Commonwealth v. Billa*, 521 Pa. 168, 183, 555 A.2d 835, 843 (1989)(holding that trial counsel rendered ineffective assistance in failing to request a cautionary instruction when the court admitted evidence related to the defendant's other crimes). *But see Commonwealth v. Buehl*, 540 Pa. 493, 508, 658 A.2d 771, 779 (1995)(plurality)(holding that although counsel's failure to request a cautionary instruction regarding the use of the defendant's prior convictions amounted to ineffectiveness, counsel's actions did not so undermine the truth determining process as to warrant relief under the PCRA where the record was replete with evidence that the defendant had committed the crime in question).

■ Despite these potentially prejudicial errors, we cannot conclude, on the record as provided, that the resulting prejudice was substantial. Yet, in spite of the powerful and compelling evidence presented at the third trial, we cannot fault the PCRA court's finding that Moore suffered prejudice due to trial counsel's ineffectiveness; nor can we declare that the truth-determining process was not undermined by counsel's actions. According-

ly, we conclude that the PCRA court did not err in concluding that trial counsel rendered ineffective assistance such that no reliable adjudication of guilt or innocence could have taken place.

■ Next, we address the Commonwealth's argument that the trial court had jurisdiction to retry Moore despite the existence of his pending appeal because Moore's double jeopardy claims were frivolous. Pennsylvania Rule of Appellate Procedure 1701(a) states that, "[e]xcept as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter." The effect of this provision is that once a party has properly appealed a decision of the trial court, the trial court lacks jurisdiction to act further on the case. *Commonwealth v. Pearson*, 454 Pa.Super. 313, 325–27, 685 A.2d 551, 557 (1996), *appeal denied,* 549 Pa. 699, 700 A.2d 439 (1997).

One exception to this provision was enunciated in *Commonwealth v. Brady*, 510 Pa. 336, 508 A.2d 286 (1986). There, the Supreme Court of Pennsylvania held that an order denying a motion to dismiss on double jeopardy grounds is immediately appealable, and thus will stay the proceedings in the trial court, unless, "the hearing court has considered the motion and *made written findings that the motion is frivolous.*" *Id.* at 341, 346, 508 A.2d at 288–89, 291. *See also Commonwealth v. Breeland*, 445 Pa.Super. 147, 664 A.2d 1355, n. 1 (1995)(noting that orders denying claims seeking to dismiss on double jeopardy grounds are immediately appealable, but such appeals will be quashed after the hearing court has made a written finding that the appeal is frivolous).

■ Here, the trial court failed to make a written finding that Moore's appeal was frivolous. Contrary to the Commonwealth's suggestion, the requirement of such a finding is not a mere formality. It is a "specific procedure, designed to balance the double jeopardy rights of a criminal defendant with the significant interest of the public in securing prompt trials for the criminally accused." *Commonwealth v. Gains*, 383 Pa.Super. 208, 216, 556 A.2d 870, 874 (1984)(en banc)(hold-ing that where the trial court made no written finding that appellant's double jeopardy claim was frivolous, this Court would exercise its jurisdiction over the appeal without remanding to afford the trial court an opportunity to determine whether such a finding should be made on the record).

While the Commonwealth argues that the trial court does not relinquish its jurisdiction where the appeal is frivolous and the trial court merely failed to recite the word "frivolous," we rejected such an argument in *Commonwealth v. Gains, supra*, and stated:

> The focus of our Supreme Court in *Brady*, and our focus presently, is not upon the presence of the written word "frivolous" in a trial court's opinion or order. The focus is upon an express determination on the part of the trial court that a double jeopardy claim is frivolous, meaning clearly and obviously without merit.

*Id.* at 218, 556 A.2d at 875 n. 7. Here, the trial court did not provide any such "express determination."

■ In the absence of an "express determination" by the trial court that an appeal based on double jeopardy grounds is clearly and obviously without merit, the order denying such relief is appealable. *Gains*, supra. Although this Court is bound to apply *Gains* to the facts of the instant case, we do so with reserve. First, it appears from the record that the Delaware County Court of Common Pleas has misplaced or lost the transcript from the hearing on the double jeopardy motion. Therefore, while an express determination by Judge Prescott may have been gleaned from the record of that hearing, we are without the benefit of a transcript. Second, the mistrial was granted at Moore's request and without objection of the Commonwealth after the jury informed the trial court it could not reach a verdict and after a sheriff made an improper suggestion. These circumstances are not a supportable basis for a double jeopardy claim. Third, since this is an appeal involving a request for collateral relief, and considering the labored history of this case, the arguably "technical" basis for granting Moore a new trial strikes this Court

as being in tension with, if not running counter to, the interests of justice.

Nonetheless, because the provisions of Pa. R.A.P. 1701(a) and *Gains*, supra, barred the trial court from taking further action pending the disposition of Moore's appeal, the trial court was without jurisdiction to proceed with Moore's third trial. Consequently, the resulting verdict can be given no effect.

Based on the foregoing, we must conclude that the PCRA court correctly awarded Moore a new trial.

Order **AFFIRMED.**

BECK, J., concurs in the result and files a Concurring Statement.

BECK, Judge, concurring:

I concur in the result. Unlike the majority, I would find that appellant has not established prejudice with respect to the admission of his prior criminal activity. In light of the fact that appellant was positively identified by one of the victims at trial and also confessed to the crime, I cannot conclude that admission of the previous assault served to "undermine the truth-determining process." This is particularly true, I believe, since the jury was entitled to know about appellant's other criminal convictions, including one for robbery.

However, I agree with the majority that the record in this case unfortunately provides no basis upon which we can conclude that the trial court made an "express determination" that appellant's double jeopardy claim was frivolous. *See Commonwealth v. Gains*, 383 Pa.Super. 208, 556 A.2d 870 (1989). Based on *Gains*, the trial court was without jurisdiction to proceed to trial.