## Commonwealth v. Richards.

354

*Mariclare L. Hayes* and *Patricia Lafferty*, for plaintiff.

*Frank W. Nocito*, for defendant.

NEALON, *J.*, October 12, 2012—In anticipation of the trial scheduled to commence on October 15, 2012, the commonwealth filed a "Motion in limine to introduce evidence of other crimes, wrongs or acts pursuant to rule 404(b)" on October 9, 2012, and defendant filed his response to that motion in limine on October 11, 2012. Following defendant's arrest for aggravated indecent assault, indecent assault and endangering the welfare of children, the commonwealth seized various items from defendant's residence, including a pornographic DVD entitled "Not the Bradys XXX." The commonwealth seeks to introduce that DVD into evidence pursuant to Pa.R.E. 404(b)(2) which provides that "[e]vidence of other... wrongs, or acts may be admitted for other purposes, such

as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." The commonwealth submits that the DVD is admissible under rule 404(b)(2) to establish that defendant possessed the "sexual intention" to commit aggravated indecent assault and indecent assault of two minors who were eight years old and five years old at the time of the alleged offenses.

According to the commonwealth, the DVD at issue depicts a fictional family modeled after "The Brady Bunch" which was featured in the 1970's American sitcom bearing that name. The DVD portrays adult actors playing the roles of the parents and children of a blended family comparable to "The Brady Bunch." Although the pornographic DVD depicts the step-siblings engaging in sexual activity, neither parent participates in any sexual conduct with the other parent or their children. (Commonwealth's motion in limine, ¶¶10-12(a)-(i)).

The Commonwealth argues that "defendant's possession of this video is clearly indicative of his state of mind or intent at the time he had inappropriate contact" with the two minors. (*Id.*, ¶13). Noting that "the subject video is not 'child pornography,'" defendant counters that it lacks probative value inasmuch as the adult actor playing the father role does not "engage in any physical contact with any of the adult actors who play the Brady children." (Defendant's response, pp. 2-3). Defendant further asserts that any putative relevance is outweighed by its potential for prejudice since the pornographic DVD "can only serve to smear defendant, and is the type of bad character or propensity evidence which rule 404 is

designed to exclude."[1] (*Id.*, p. 4).

Under Pa.R.E. 404(b)(1), evidence of "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." See, *Com. v. Chmiel*, 2003 WL 25287182, at *55 (Lacka. Co. 2003), aff'd, 585 Pa. 547, 889 A.2d 501 (2005), cert. denied, 549 U.S. 848 (2006). The rationale for this exclusionary rule is concern "that jurors might convict a defendant because they perceive defendant has a bad character or propensity to commit crimes," *Com. v. Reese*, 31 A.3d 708, 723 (Pa. Super. 2011). Nevertheless, evidence of other crimes, wrongs or bad acts "may be admissible in special circumstances where the evidence is relevant for some other legitimate purpose and not merely to prejudice the defendant by showing him to be a person of bad character." *Com. v. Cascardo*, 981 A.2d 245, 250 (Pa. Super. 2009), app. denied, 608 Pa. 652, 12 A.3d 750 (2010). Those special circumstances include instances where the evidence is "admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Pa.R.E. 404(b)(2). Therefore, such evidence may be admissible as proof of the intent element of the crime(s) charged. See, *Com. v. Dargan*, 72 Pa. D.&C. 4th 395, 402 (Lacka. Co. 2005) (evidence of defendant's uncharged drug delivery shortly before his arrest for possession with

---

1. According to defendant, five months prior to the filing of the instant charges, his ex-wife provided the "Not the Bradys XXX" DVD to her divorce lawyer to determine whether it should affect defendant's visitation rights with respect to their children. The defense represents in its submission "that Mr. Richards' weekend visitations with their children continued after Mrs. Richards' discovery of the pornography, without objection by Mrs. Richards." (*Id.*, p. 2).

intent to deliver (PWID) was admissible to establish intent element of PWID), aff'd, 897 A.2d 496 (Pa. Super. 2006), app. denied, 591 Pa. 671, 916 A.2d 1101(2007). However, evidence of other crimes, wrongs or bad acts may so be admitted under rule 404(b)(2) "in a criminal case only upon a showing that the probative value of the evidence outweighs its potential for prejudice." Pa.R.E. 404(b)(3).

As noted above, the commonwealth contends that the "Not the Bradys XXX" DVD is admissible to demonstrate defendant's intent to sexually assault the minor victims in this case. In *Com. v. Seiders*, 531 Pa. 592, 614 A.2d 689 (1992), the prosecution sought to admit evidence of the defendant's prior convictions for indecent assault and endangering the welfare of children in a subsequent action in which the defendant was charged with sexual offenses, indecent assault and endangering the welfare of children based upon his alleged sexual molestation of a six year old girl. The trial court and the Superior Court reasoned that evidence of the defendant's prior pedophilic conduct "was relevant to the issue of intent...to show that [defendant] intended to sexually assault the instant victim." *Id.*, at 531, 535 Pa. at 592, 596, 614 A.2d at 691. On appeal, the Supreme Court of Pennsylvania observed:

> Determination of the relevancy of evidence offered at trial requires a two-step analysis. It must be determined first if the inference sought to be raised by the evidence *bears upon a matter in issue in the case*, and, second, whether the evidence renders the desired inference more probable than it would without the evidence."

*Id* (emphasis in original). In reversing the trial court and

granting the defendant a new trial, the Supreme Court held that the proffered evidence lacked the requisite probative value since "[i]ntent is not an element of the offenses with which [defendant] was charged." *Id.*

The commonwealth posits that the pornographic DVD is relevant to the aggravated indecent assault and indecent assault charges in that it "is clearly indicative of [defendant's] state of mind or intent at the time he had inappropriate contact" with the two minors. However, intent is not an element of the offense of aggravated indecent assault, 18 Pa.C.S. §3125(a), aggravated indecent assault of a child less than thirteen years of age, 18 Pa.C.S. §3125(b), or indecent assault of a child less than thirteen years of age, 18 Pa.C.S. §3126(a)(7). Accord, *Seiders*, supra. Since the commonwealth is not required to prove defendant's intent or state of mind to secure convictions for aggravated indecent assault and indecent assault of minors, the pornographic DVD is not probative of any element of the crimes charged in this case.

Moreover, even if the commonwealth was obligated to establish defendant's intent in order to convict him of the offenses charged, the conduct portrayed in the DVD does not bear sufficient correlation to the alleged criminal activity in this case. It is undisputed that the father figure in the DVD does not participate in any sexual activity with any adult or child. In fact, the DVD does not portray any adult engaging in conduct with a fictional child which would arguably constitute aggravated indecent assault, indecent assault or endangering the welfare of children.

In *Com. v. Impellizzeri*, 443 Pa. Super. 296, 661 A.2d

422 (1995), app. denied, 543 Pa. 725, 673 A.2d 332 (1996), the prosecution similarly sought to introduce pornographic videotapes and magazines that the police had seized from the defendant's home. The prosecution argued that the materials featured anal sex and were relevant to the defendant's charges of rape and involuntary deviate sexual intercourse for binding a woman's limbs together and forcibly subjecting her to vaginal and anal intercourse. The trial court admitted the evidence after it found that the defendant's "possession of the [materials], indicating an interest in anal sex, makes the allegation that anal sex occurred more probable." *Id.*, at 312, 661 A.2d at 430, (443 Pa. Super. 296). The Superior Court disagreed and in holding that the pornographic materials were "not sufficiently probative," stated:

> While on one hand recognizing that evidence of a sexual nature may have probative value in a sexual assault case, we cannot on the other hand confer blanket probative value on all sexual materials in all cases. In some instances, materials found in an accused's possession might very well be probative of an issue in a case. For instance, if the publication sought to be admitted here had depicted women being tied up and subjected to anal intercourse against their will, it may have been probative of whether [defendant] forced his victim to commit those same acts.

> Further, if there had been allegations that [defendant] had shown the magazine to the victim or in any way used the magazine during his attack on her, the probative value of the evidence would be more obvious. However, as the prosecutor herself commented in this case, one's

mere possession of a pornographic magazine does not tend to establish guilt in the case of rape.

\* \* \*

We specifically disagree with the trial court's conclusion that [defendant's] possession of the publication, which may have indicated an interest in anal sex, made the allegation that forcible anal sex had occurred more probable. The magazine was not sufficiently probative on the issue of forcible or consensual sex and therefore should not have been admitted.

*Id.*, at 313-314, 661 A.2d at 431.

The necessary parallel between defendant's charges and the "Not the Bradys XXX" DVD is likewise absent in this case. The DVD does not depict a father figure engaging in sexual contact with a minor. Any nexus between the content of the DVD and the criminal conduct allegedly committed by defendant is far too attenuated. As such, its proffered probative value does not outweigh its potential for prejudice. See, Pa.R.E. 404(b)(3). Consequently, for the reasons set forth above, the commonwealth's motion in limine will be denied.

And now, October 12, 2012, upon consideration of the "notice of commonwealth's motion in limine to introduce evidence of other crimes, wrongs, or acts pursuant to rule 404(b)" and defendant's response thereto, and based upon the reasoning set forth above, it is hereby ordered and decreed that the commonwealth's motion in limine to introduce evidence of other crimes, wrongs or act pursuant to rule 404(b) is denied.