J-A29007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| L.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| R.T. | : | |
| | : | |
| Appellant | : | No. 814 MDA 2020 |

Appeal from the Order Entered March 18, 2020
In the Court of Common Pleas of York County Civil Division at No(s):
2019-SU-003766

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                         **FILED FEBRUARY 2, 2021**

Appellant, R.T., appeals from the March 18, 2020 Order that granted the Petition for Sexual Violence Protective ("SVP") Order ("SVP Petition") that Appellee, L.C. ("Mother"), filed on behalf of her minor child, M.L. ("Child"), against Appellant pursuant to the Protection of Victims of Sexual Violence or Intimidation Act ("PVSVI Act"), 42 Pa.C.S. §§ 62A01-20. Upon careful review, we reverse.

**PROCEDURAL AND FACTUAL HISTORY**

The relevant procedural and factual history is as follows.  On December 17, 2019, Mother filed a SVP Petition on behalf of Child alleging that Appellant, their neighbor, had kissed six-year-old Child on the lips several times, that Appellant had squeezed Child so tight she could not breath, and that Child is

_____

[*] Retired Senior Judge assigned to the Superior Court.

scared of Appellant. The SVP Petition also alleged that, after Mother confronted Appellant about his behavior, he would stand on his property with his arms crossed staring at Mother and Child whenever they were outside, including the previous evening. SVP Petition, 12/17/19, at ¶¶ 4, 5. On the same day, the trial court granted a temporary SVP Order that prohibited Appellant from having any form of contact with Mother and Child and scheduled a hearing for January 16, 2020.

On January 14, 2020, Mother filed a Notice to inform the trial court that she intended to offer Child's out-of-court statements under the Tender Years Statute,[1] including video-recorded statements that Child made to a forensic interviewer at York County Children's Advocacy Center ("CAC").

On January 16, 2020, the parties appeared before the trial court, and Appellant's counsel requested a continuance because counsel had not yet viewed the video of Child's CAC interview. N.T. Hearing, 1/16/20, at 2-3. Mother's counsel opposed the continuance, and informed the court that Child was present and ready to testify. *Id*. at 7-8. The trial court informed the parties that the court viewed the CAC video the previous day and the court was taking judicial notice of Child's statements in the video over Appellant's objection. The court stated, "we're taking judicial notice of the fact that we

---

[1] The Tender Years Statute creates an exception to the general rule against hearsay for a statement made by a child victim who was twelve years old or younger at the time of the statement. 42 Pa.C.S. § 5985.1(a); *Commonwealth v. Strafford*, 194 A.3d 168, 173 (Pa. Super. 2018).

viewed the video and what [Child] said. That is in lieu of [Child] having to testify. The child need not appear. . . . I'm finding that a six-year-old would have emotional harm if she had to appear." *Id*. at 8-9. The court then granted the continuance and scheduled a new hearing date.

On March 17, 2020, the day of the scheduled hearing, Appellant filed a Motion to Declare the PVSVI Act Unconstitutional. The court heard two days of witness testimony regarding the SVP Petition. Mother testified and entered two exhibits into evidence: a photo and an envelope. Mother did not enter Child's CAC interview into evidence. Appellant presented testimony from 15 witnesses to rebut the accusations in the SVP Petition and Mother's testimony, including, *inter alia*, friends, neighbors, a work supervisor, his wife, and himself. Appellant also entered 28 exhibits into evidence. At the end of the hearing, the trial court granted Mother's SVP Petition and made a finding that the PVSVI Act was constitutional. On the record and in its 1925(a) Opinion, the trial court made findings that Child was credible and that the court based its decision to grant the SVP Petition primarily on Child's CAC interview. Importantly, the trial court did not make any specific credibility findings regarding Mother's testimony.

On April 9, 2020, Appellant filed a timely appeal. On April 14, 2020, the trial court *sua sponte* issued an Order, which entered the CAC interview into evidence. Order, 4/14/20. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

**ISSUES RAISED ON APPEAL**

Appellant raises the following issues for our review:

1. Whether the lower court committed an error of law and/or abused its discretion in basing its decision on hearsay statements of [Child] where the requirements for admissibility under the Tender Years [S]tatute were not met, and the lower court did not have jurisdiction to sua sponte issue an Order to admit the CAC video as a "court exhibit" after the appeal had been filed.

2. Whether the lower court committed an error of law and/or abused its discretion in finding that there was sufficient admissible evidence that [Child] was a victim of sexual violence or intimidation, and that there was a continued risk of harm to [Child].

3. Whether the lower court's findings were against the weight of the admissible evidence presented in this case with respect to [Child], and that there was a continued risk of harm to [Child]?

4. Whether the lower court committed an error of law and/or abused its discretion when it denied Appellant's Motion to declare the [PVSVI] Act as unconstitutional on its face and as applied to Appellant in violation of his due process and equal protection rights provided by the Pennsylvania and United States Constitutions.

Appellant's Br. at 4 (some capitalization omitted).

## LEGAL ANALYSIS

This Court reviews the propriety of a PVSVI Act Order for an abuse of discretion or error of law. *E.A.M. v. A.M.D. III*, 173 A.3d 313, 316 (Pa. Super. 2017). An abuse of discretion is "not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused." *Id*. (citation omitted). "Absent an abuse of discretion, error of law, or lack of

support in the record, this court does not disturb a trial court's factual findings." **A.M.D. on Behalf of A.D. v. T.A.B.**, 178 A.3d 889, 895 (Pa. Super. 2018). "Moreover, as to issues involving credibility, we defer to the trial court sitting as fact finder that had the opportunity to observe the demeanor of the witness." **Id.** (citation omitted).

The PVSVI Act provides a civil remedy to victims of intimidation because our legislature recognized that those victims "desire safety and protection from future interactions with their offender, regardless of whether they seek criminal prosecution." **Id.** at 894 (citing 42 Pa.C.S. § 62A02(5)–(6)). To garner relief in the form of a protective order, the PVSVI Act requires a plaintiff to:

> (1) assert that the plaintiff or another individual, as appropriate, is a victim of sexual violence or intimidation committed by the defendant; and
>
> (2) prove by [a] preponderance of the evidence that the plaintiff or another individual, as appropriate, is at a continued risk of harm from the defendant.

42 Pa.C.S. § 62A06(a). For the first prong, the plaintiff must not only assert that he or she, or another individual, was a victim of sexual violence or intimidation committed by the defendant, but the court must also find that assertion to be credible. **K.N.B. v. M.D.**, 227 A.3d 918, 926 (Pa. Super. 2020), *appeal granted on other grounds,* 239 A.3d 14 (Pa. 2020); **E.A.M.**, 173 A.3d at 319. "For the second prong, the plaintiff must prove by a preponderance of the evidence, a more likely than not inquiry, that she is at a continued risk of harm from the defendant." **K.N.B.**, 227 A.3d at 926

(citation and internal quotation marks omitted). "The risk of harm includes the risk of mental and emotional harm, such as apprehension, fear, and emotional distress." *Id*. (citation and internal quotation marks omitted).

In his first issue, Appellant avers, *inter alia*, that the trial court abused its discretion when it made its decision to grant Mother's SVP Petition based on out-of-court statements that Child made during the videotaped CAC interview when (1) Child's statements were not properly subject to judicial notice, and (2) the video was neither played nor offered into evidence at trial. Appellant's Br. at 18-19. Appellant further contends that the trial court lacked jurisdiction to *sua sponte* enter the Child's CAC interview video into evidence as an exhibit after Appellant had filed his Notice of Appeal. *Id*. at 18. We agree.

## **Judicial Notice**

As an initial matter, we agree with Appellant that it was improper for the trial court to take judicial notice of Child's CAC interview statements. Pennsylvania Rule of Evidence 201 provides that "a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Pa.R.E. 201(b)(1)-(2). "Judicial notice allows the trial court to accept into evidence indisputable facts to avoid the formality of introducing evidence to prove an incontestable issue." ***Kinley v. Bierly***, 876 A.2d 419,

421 (Pa. Super. 2005) (citation omitted). "However, the facts must be of a matter of common knowledge and derived from reliable sources whose accuracy cannot reasonably be questioned." *Id*. at 421 (citations and internal quotation marks omitted). Child's statements during the CAC interview are not common knowledge, are not generally known within the jurisdiction, and are subject to reasonable dispute. Accordingly, it was improper for the trial court to take judicial notice of them.

**Evidence Not in the Record**

Appellant next avers that the trial court abused its discretion when it considered the CAC interview, which was not evidence of record, when it made its decision to grant Mother's SVP Petition. Appellant's Br. at 12, 18. Once again, we agree.

It is well settled that "a trial court may not consider evidence outside of the record in making its determination. Nor may this court uphold a trial court's order on the basis of off-the-record facts." *M.P. v. M.P.*, 54 A.3d 950, 955 (Pa. Super. 2012) (citations and internal quotation marks omitted).

Instantly, the trial court made findings on the record that it found Child to be credible in Child's CAC interview, and that the court based its decision to grant Mother's SVP Petition on Child's CAC interview. At the conclusion of the hearing, the trial court stated on the record:

> We've taken over five hours of testimony but this is very simple. I viewed this CAC interview. I viewed the DVD of it. I found [Child] to be credible. Whether she has exactly the right dates, times, or even exactly the right places, that does not take away from the fact that [Child] very directly and in a credible fashion

identified [Appellant] did kiss her on the lips. And I found her to be credible on the CAC interview and candidly I didn't really need anything more than that. And that's why I'm issuing the order.

N.T. Hearing, 3/18/20, at 273.

However, Mother did not enter the Child's CAC interview into evidence as an exhibit and, consequently, the CAC interview was not part of the record when the trial court made its decision. Accordingly, the court abused its discretion when it considered evidence that was not part of the record in granting Mother's SVP Petition.

**Post-Appeal Jurisdiction**

The court attempted to mitigate its error when it issued an Order on April 14, 2020, after Appellant filed a Notice of Appeal, ordering Child's CAC interview to be entered into evidence as a court exhibit. Order, 4/14/20. The trial court was without jurisdiction to do so.

The Rules of Appellate Procedure make clear that, generally, "after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701(a). "The effect of this provision is that once a party has properly appealed a decision of the trial court, the trial court lacks jurisdiction to act further on the case." ***Commonwealth v. Moore***, 715 A.2d 448, 453 (Pa. Super. 1998) (citation omitted). Rule 1701 provides several exceptions where a trial court retains jurisdiction after a party files an appeal. Relevant to this appeal, the trial court may: "take such action as may be necessary to preserve the *status quo*, correct formal errors in papers relating to the matter,

cause the record to be transcribed, approved, filed, and transmitted, grant leave to appeal *in forma pauperis*, grant *supersedeas*, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding." Pa.R.A.P. 1701(b)(1).

Here, the trial court *sua sponte* moved and accepted an exhibit into evidence after Appellant filed a Notice of Appeal. The court's action did not preserve the *status quo*, correct formal errors in papers, transcribe and transmit the record, decide *in forma pauperis* status, or grant *supersedeas* as permitted by Rule 1701. Accordingly, the trial court erred when it entered an exhibit into evidence after Appellant filed his appeal because it lacked jurisdiction to take such an action.

**CONCLUSION**

In sum, the trial court abused its discretion when it took judicial notice of Child's CAC interview, considered Child's CAC interview when it was not part of the record, and attempted to mitigate the error by entering the CAC interview as an exhibit post-appeal. Without Child's CAC interview in evidence, the trial court lacked the very evidence that the court deemed persuasive and credible in granting the SVP Petition. Accordingly, the record does not support the trial court's findings, and this Court is constrained to reverse the trial court's Order. In light of our disposition, we decline to address Appellant's remaining issues.

Order reversed. SVP Petition dismissed with prejudice.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/02/2021