J-S09041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   :          PENNSYLVANIA
                                   :
             v.                      :
                                   :
                                   :
CHRISTOPHER COKER           :
                                   :
            Appellant           :    No. 1499 EDA 2020

Appeal from the Order Entered June 15, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1200411-2003

BEFORE: OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED APRIL 07, 2021**

Christopher Coker ("Coker") appeals, *pro se*, from the Order denying his

"Motion to Clarify Judgement of Order." We affirm.

This Court previously summarized the procedural history underlying this

appeal as follows:

> [On July 19, 2005, Coker] was convicted of voluntary
> manslaughter and possessing an instrument of crime. On August
> 30, 2005, the trial court sentenced [Coker] to an aggregate term
> of seven to fourteen years' incarceration[,] followed by a ten-year
> probation term. [Coker] did not file a direct appeal, but later filed
> a timely PCRA [P]etition[,] seeking the reinstatement of his direct
> appeal rights. The PCRA court reinstated [Coker's] appeal rights
> and appointed Richard Brown, Jr., Esquire [("Attorney Brown")],
> as appellate counsel. [Coker] subsequently presented a challenge
> to the trial court's alleged *ex parte* interaction with the jury at his
> trial to this Court. We affirmed [Coker's] judgment of sentence
> and our Supreme Court denied *allocator*. [**See Commonwealth
> v. Coker**, 990 A.2d 39 (Pa. Super. 2009) (unpublished
> memorandum), **appeal denied**, 996 A.2d 1067 (Pa. 2010).]
>
> On November 12, 2010, [Coker] filed [a] PCRA [P]etition,
> alleging the ineffectiveness of both trial counsel, Todd Henry,

Esquire, and appellate counsel, Attorney Brown. The PCRA court appointed PCRA counsel, Elayne Bryn, Esquire [("Attorney Bryn")]. Attorney Bryn filed a **Turney**/**Finley** no-merit letter and [a P]etition to withdraw as counsel on May 11, 2015. The following day, the PCRA court granted Attorney Bryn's request to withdraw and issued a Rule 907 [N]otice of its intent to dismiss the [P]etition without a hearing. [Coker] filed a [R]esponse, requested the appointment of new counsel, and requested a hearing. The PCRA court granted [Coker's] request for new counsel and appointed David Rudenstein, Esquire [("Attorney Rudenstein")], on August 28, 2015.

Shortly thereafter, Attorney Rudenstein filed an [A]mended [PCRA] [P]etition through which [Coker] raised seven allegations of ineffective assistance of counsel, renewed [Coker's] request for an evidentiary hearing, and requested a new trial. The PCRA court filed a Rule 907 [N]otice of its intent to dismiss the [Amended PCRA Petition.] In response, [Coker] filed a [M]otion for leave to hold an immediate **Grazier** hearing. The PCRA [court] held the **Grazier** hearing, and after determining that [Coker] did not wish to proceed without counsel, denied the [Amended PCRA Petition] on June 30, 2016.

**Commonwealth v. Coker**, 175 A.3d 415 (Pa. Super. 2017) (unpublished memorandum at 1-2). On appeal, this Court affirmed the PCRA court's Order, and our Supreme Court denied Coker's Petition for Allowance of Appeal. **See id.**, **appeal denied**, 180 A.3d 1211 (Pa. 2018).

On June 15, 2020, Coker filed a *pro se* "Motion to Clarify Judgement of Order." In his Motion, Coker acknowledged that the PCRA court's Order addressed the issues raised by Attorney Rudenstein in the Amended PCRA Petition, but argued that the PCRA court erred in failing to address the issues that he had raised in his *pro se* November 12, 2010, PCRA Petition. On June 15, 2020, the trial court entered an Order denying Coker's Motion. Coker filed

a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Coker restates the claim raised in his "Motion to Clarify Judgement of Order," *i.e.*, that the PCRA court failed to address the issues raised in his *pro se* November 12, 2010, PCRA Petition. **See** Brief for Appellant at 9-11 (pages unnumbered).

Initially, we consider whether the PCRA court had jurisdiction to consider Coker's "Motion to Clarify Judgement of Order." Coker's Motion purportedly requests that the PCRA Court reconsider its June 30, 2016, Order that dismissed his PCRA Petition. However, Coker previously filed a direct appeal from the PCRA court's June 30, 2016, Order. **See Coker**, 175 A.3d 415, **appeal denied**, 180 A.3d 1211 (Pa. 2018). Pennsylvania Rule of Appellate Procedure 1701(a) states that "after an appeal is taken … the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701(a); **see also Commonwealth v. Moore**, 715 A.2d 448, 453 (Pa. Super. 1998) (stating that "once a party has properly appealed a decision of the trial court, the trial court lacks jurisdiction to act further on the case."). Accordingly, we conclude that the PCRA court lacked jurisdiction to consider

Coker's Motion.  As the PCRA court lacked jurisdiction, we affirm the PCRA

court's denial of relief.[1, 2]

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2021

_____

[1] Even if the trial court had jurisdiction to consider Coker's claim, it would fail on the merits.  **See Commonwealth v. Markowitz**, 32 A.3d 706, 713 n.5 (Pa. Super. 2011) (stating that where a PCRA petitioner is represented by counsel, "the PCRA court is only permitted to address issues raised in a counseled petition.").

[2] We further note that Coker's claim is not cognizable under the PCRA.  **See** 42 Pa.C.S.A. § 9543 (setting forth the requirements for pleading a case under the PCRA).