J-S08007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES EDWIN CORNMAN | |
| Appellant | No. 1163 WDA 2016 |

Appeal from the PCRA Order dated July 26, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000765-2011
CP-25-CR-0001079-2011

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and SOLANO, J.

MEMORANDUM BY SOLANO, J.:                          **FILED JUNE 07, 2017**

Appellant James Edwin Cornman appeals from the order of July 26, 2016, denying his serial Post Conviction Relief Act ("PCRA")[1] petition as untimely. For the reasons that follow, we affirm.

1. *Appellant's Conviction and Direct Appeal.*

This appeal references two separate trial court docket numbers which have interwoven histories. Both cases relate to robberies which took place in Erie, Pennsylvania, on February 28, 2011: docket No. CP-25-CR-0001079-2011 ("1079-11") relates to the robbery of Sara's Market, and docket No. CP-25-CR-0000765-2011 ("765-11") relates to the robbery of a Kwik Fill gas

---

[1] 42 Pa.C.S. §§ 9541-9546.

station. ***See Commonwealth v. Cornman***, 970 WDA 2012 (Pa. Super., June 18, 2013) (unpublished memorandum).

On July 19, 2011, Appellant was tried by a jury and convicted of robbery and related crimes under No. 1079-11.[2] The next day, another jury convicted Appellant of robbery and related crimes under No. 765-11.[3] Sentencing proceedings were held in both cases on September 14, 2011, and Appellant was sentenced to an aggregate of ten to forty years' imprisonment.[4] For each of his robbery convictions, Appellant received a sentence of five to twenty years' incarceration,[5] in accordance with a Sentencing Code provision that at that time required that Appellant receive a

_____

[2] Appellant was convicted of Robbery (18 Pa.C.S. § 3701), Possession of an Instrument of Crime (18 Pa.C.S. § 907), Carrying Prohibited Offensive Weapons (18 Pa.C.S.A. § 908), Recklessly Endangering Another Person (18 Pa.C.S. § 2705), Simple Assault (18 Pa.C.S. § 2701(a)(3)), Terroristic Threats (18 Pa.C.S. § 2706(a)(1)), Unlawful Possession of a Firearm (18 Pa.C.S. § 6105(a)(2)), and Carrying a Firearm Without a License (18 Pa.C.S. § 6106(a)(1)). ***See Corman***, 970 WDA 2012 at 1 n.1.

[3] Appellant was convicted of the same charges as those in his other case, as well as Criminal Conspiracy (18 Pa.C.S. § 903), Theft by Unlawful Taking (18 Pa.C.S. § 3921), and Receiving Stolen Property (18 Pa.C.S. § 3925). ***See Corman***, 970 WDA 2012 at 1 n.1

[4] The sentence Appellant received for each count was run concurrently to the sentences he received for each other count on the same docket, but the sentences for the two cases were run consecutively.

[5] Appellant's sentences of five years' incarceration fell below the standard range of the sentencing guidelines. Appellant received mitigated sentences due to "defendant's age, his rehabilitative potential, [and] prior record." N.T., 9/14/11, at 17.

five-year mandatory minimum sentence for having committed robbery while using a firearm. *See* 42 Pa.C.S. § 9712(a).

Following Appellant's direct appeal, which referenced both trial court docket numbers, we affirmed Appellant's judgments of sentence on June 18, 2013. One day before we issued our decision, on June 17 2013, the Supreme Court of the United States decided *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that in cases tried by a jury, imposition of a statutory mandatory minimum sentence is unconstitutional unless all facts compelling that sentence are determined by the jury. Appellant did not raise that constitutional issue with respect to his own sentence in his direct appeal or at any time before the judgment on his direct appeal became final.[6] The docket reflects that copies of our decision were sent to Appellant by the trial court on September 17, 2013.

2. *Appellant's Post-Conviction Petitions and Appeals.*

After Appellant's direct appeal, the procedural histories of these cases became convoluted.[7] Unfortunately, these histories — and, in particular, that of the appeals in each of the cases — bear on the timeliness of the PCRA

---

[6] The only subject of Appellant's direct appeal was whether the trial court abused its discretion in deciding that Appellant's own testimony opened the door to permit the Commonwealth to present evidence of the second robbery at Appellant's trial for the first robbery.

[7] The dockets of these two cases are replete with *pro se* filings and responsive trial court orders; the recitation in the text does not include every filing on each docket, but only those necessary to dispose of the matters before us.

petition that now is before us, and it therefore is necessary to review these histories in some detail. The reader is cautioned that review of the following paragraphs may be challenging; we have highlighted the relevant appeal numbers as a partial road map.

First, it appears that on July 24, 2014,[8] Appellant filed documents titled "In Re: Demand for Trial Transcripts, Police Reports, Discovery," and "Motion for Leave to Proceed [*In Forma Pauperis*]," referencing only Docket No. 765-11. In these documents, Appellant claimed that his trial counsel provided ineffective representation at his sentencing hearing, and requested a copy of his transcripts.[9] The PCRA court denied these requests on July 28, 2014, because Appellant had "no pending matters" before it.

On August 5, 2014, Appellant filed a motion at Docket No. 765-11 that was titled "Bill In Nature Of Bill In Review" and that appears to have asked the court to reconsider denying his July 24, 2014 requests. This motion was denied by the PCRA court on September 3, 2014, again because the court

_____

[8] Pursuant to the prisoner mailbox rule, the dates of filing of Appellant's documents were the dates he placed them in the hands of prison authorities. **See Commonwealth v. Fransen**, 986 A.2d 154, 156 n.5 (Pa. Super. 2009). Nevertheless, unless relevant for timeliness calculations, we recount Appellant's *pro se* filings in this case by the dates reflected on the PCRA court's docket.

[9] In support, Appellant attached a "Petition for Writ of Mandamus and/or Extraordinary Relief" which he filed in the Pennsylvania Supreme Court on December 12, 2013. In that petition, Appellant cited a provision of the PCRA (42 Pa.C.S. § 9545(b)), alleged his trial counsel was ineffective, and requested copies of transcripts and other documents related to his case.

had "no pending matters" in Appellant's case. Appellant filed a notice of appeal from the denial of his Bill in Nature of Bill of Review on September 11, 2014, and that appeal was docketed in this Court at **No. 1484 WDA 2014**. It does not appear that Appellant was appointed counsel regarding either his filings before the PCRA court, or the related appeal at No. 1484 WDA 2014.

While that appeal was pending on trial court Docket No. 765-11, Appellant filed a PCRA petition on September 18, 2014, that referenced both trial court docket numbers. On September 24, 2014, the PCRA court dismissed the petition "only as it relates to Docket No. 765 of 2011," because, due to the pending appeal in that case (that is, Appeal **No. 1484 WDA 2014**), the PCRA court was without jurisdiction to entertain a PCRA petition with respect to it. **See** Order, 9/24/14.[10]

On September 24, 2014, counsel was appointed to represent Appellant regarding the PCRA petition as it related to the other trial court docket, No. 1079-11. On October 24, 2014, appointed counsel filed a "no merit" letter

---

[10] **See Commonwaelth v. Moore**, 715 A.2d 448 (Pa. Super. 1998). We explained in that case: "Pennsylvania Rule of Appellate Procedure 1701(a) states that, '[e]xcept as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.' The effect of this provision is that once a party has properly appealed a decision of the trial court, the trial court lacks jurisdiction to act further on the case." 715 A.2d at 453 (citing **Commonwealth v. Pearson**, 685 A.2d 551, 557 (Pa. Super. 1996), **appeal denied**, 549 Pa. 699, 700 A.2d 439 (1997)).

and petition to withdraw.[11] Counsel's no merit letter did not address the timeliness of Appellant's September 18, 2014 PCRA petition, but only the merits of Appellant's underlying PCRA claims. The letter also did not challenge Appellant's sentence, even though three weeks prior to the date of the letter, on October 3, 2014, this Court held that the Sentencing Code provision under which Appellant's mandatory minimum sentence was imposed, 42 Pa. C.S. § 9712, was unconstitutional in light of the U.S. Supreme Court's decision in **Alleyne**. **See Commonwealth v. Valentine**, 101 A.3d 801, 812 (Pa. Super. 2014). Rather, counsel's letter stated, "The instant sentence was patently legal including the provision of a mandatory minimum sentence." Letter, 10/24/14, at 4 (unpaginated).

On November 3, 2014, Appellant filed a motion titled "Bill of Exceptions," which referenced both docket numbers. This document appears to have been a response to appointed counsel's no merit letter on No. 1079-11, and it alleged PCRA counsel's ineffectiveness. The "Bill of Exceptions" was quashed by the PCRA court on November 7, 2014, but only to the extent it related to trial court Docket No. 765-11, due to the appeal pending in that case (**No. 1484 WDA 2014**). Appellant filed a notice of appeal from the quashal of his Bill of Exceptions on November 19, 2014, but referenced

---

[11] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), requires PCRA counsel wishing to withdraw to present a "no-merit" letter to the petitioner listing each claim the petitioner wishes to have reviewed, describing the extent to which those claims were reviewed, and explaining why the petitioner's issues are meritless.

only No. 765-11. That appeal was docketed in this Court at **No. 1908 WDA 2014**.

On January 29, 2015, we dismissed the appeal at **No. 1484 WDA 2014** (Appellant's appeal from the denial of the "Bill In Nature Of Bill In Review" that he had filed in No. 765-11) for Appellant's failure to file a brief. **See** Order, 1/29/15 (*per curiam*).

On February 6, 2015, we remanded **No. 1908 WDA 2014** (Appellant's appeal from the denial of the "Bill of Exceptions" filed in No. 765-11) so that the PCRA court could determine whether Appellant was entitled to appointed counsel. On February 25, 2015, the PCRA court entered an order stating that Appellant was not entitled to counsel.

On February 25, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's September 18, 2014 PCRA petition without a hearing.[12] The court dismissed the PCRA petition on March 23, 2015, but it denied appointed counsel's petition to withdraw. Appellant's appointed counsel filed a notice of appeal on Appellant's behalf on April 15,

---

[12] Like counsel's no-merit letter, the PCRA court's Rule 907 notice did not address the timeliness of Appellant's September 18, 2014 PCRA petition, but only the merits of Appellant's underlying PCRA claims. Regarding the mandatory minimum sentence received by Appellant, the PCRA court concluded that Appellant's claim lacked merit because, "At the time of sentence, § 9712 was constitutional and applicable to Petitioner's conviction. . . . **Alleyne** does not apply retroactively to cases in which judgment of sentence has become final." **See** Pa.R.Crim.P. 907 Notice, 2/25/15, at 6.

2015. That appeal, which was in reference to the PCRA petition in No. 1079-11 only, was docketed in this Court at **No. 623 WDA 2015**.[13]

On May 8, 2015, Appellant filed another *pro se* PCRA petition, which referenced both docket numbers. In it, he alleged that both trial counsel and appointed PCRA counsel were ineffective. That same day, Appellant petitioned this Court regarding his appeal at **No. 623 WDA 2015** and stated that he wanted to proceed *pro se* and to dismiss the appeal, because it was "impeding [Appellant's] ability to [seek] PCRA relief."

On May 14, 2015, we dismissed the appeal at **No. 1908 WDA 2014** (Appellant's appeal from the denial of the "Bill of Exceptions" he had filed in No. 765-11) for Appellant's failure to file a brief. **See** Order, 5/14/15 (*per curiam*). That same day, we ordered the PCRA court to conduct a **Grazier**[14] hearing on **No. 623 WDA 2015** to determine whether Appellant wished to waive his right to court-appointed representation, and whether that waiver was knowing, intelligent, and voluntary. We denied Appellant's request to dismiss his appeal until he had been granted the right to proceed *pro se*.

---

[13] On April 20, 2015, Appellant sent a letter to appointed counsel stating his disappointment that counsel had filed an appeal to the denial of his PCRA petition, because Appellant wished to file a subsequent PCRA petition alleging counsel's ineffectiveness. A copy of this letter was filed with the court on April 23, 2015.

[14] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

On June 3, 2015, the PCRA court quashed Appellant's May 8, 2015 PCRA petition, because it had been filed while an appeal was pending.[15] The PCRA court also held a *Grazier* hearing on that date, where it established that Appellant would proceed *pro se* on **No. 623 WDA 2015**.

On June 16, 2015, Appellant petitioned the PCRA court to reinstate his May 8, 2015 PCRA petition because there was no longer an appeal pending on No. 765-11 and because he had filed a motion in this Court to dismiss his appeal related to No. 1079-11 (**No. 623 WDA 2015**). The court denied Appellant's petition on June 17, 2015.

On June 24, 2015, Appellant's appeal at **No. 623 WDA 2015** (Appellant's appeal from the dismissal of his first PCRA petition in No. 1079-11) was discontinued at Appellant's request. **See** Order, 6/24/15 (*per curiam*). As a result of this discontinuance, Appellant no longer had any appeals pending in this Court as of June 24, 2015.

*3. The PCRA Petition Now at Issue.*

On July 6, 2015, Appellant filed a new PCRA petition that referenced both case numbers. The petition claimed that Appellant's trial counsel was ineffective for failing to adequately advise Appellant regarding the consequences of exercising his right to testify and for failing to file post-sentence motions, and claimed that subsequent counsel was also ineffective

---

[15] On the day the petition was filed, May 8, 2014, Appellant had an outstanding appeal on each docket number: **No. 1908 WDA 2014** (on No. 765-11), and **No. 623 WDA 2015** (on No. 1079-11).

for failing to preserve these claims. See PCRA Pet., 7/6/15, at 9, 9(a), 9(b). Appellant did not specifically mention his mandatory minimum sentence in this petition. On July 9, 2015, without leave of court,[16] Appellant filed an amended version of this petition that added an argument that Appellant's petition was timely because Appellant's previous appeals (which had prevented his PCRA petitions from proceeding) had recently been dismissed. Appellant asserted, "all this time must be tolled that was not permitted to have his PCRA heard as a result of the various appeal[s] that were filed that stripped this court of jurisdiction." *See* PCRA Pet., 7/9/15, at 2(a). It is this July 6, 2015 petition (purportedly as amended) that is now before this Court.

The PCRA court appointed new counsel to represent Appellant.[17] On February 19, 2016, counsel filed a no-merit letter and petition to withdraw.[18] Appellant responded to this notice with *pro se* filings on March 9, 2016, and

_____

[16] A PCRA petitioner may amend a petition only when leave to do so is granted by the PCRA court. *See Commonwealth v. Porter*, 35 A.3d 4, 12 (Pa. 2012).

[17] The PCRA court held a hearing on July 28, 2015, to ensure that Appellant desired representation by court-appointed counsel.

[18] Counsel's no merit letter did not address the timeliness of Appellant's July 6, 2015 PCRA petition, but only Appellant's underlying PCRA claims, which counsel found to be lacking in merit. Regarding Appellant's sentence, the letter stated that Appellant received "the mandatory minimum at the time."

March 21, 2016; also, without leave of court, Appellant filed an amended petition on March 21, 2016.[19]

On June 22, 2016, the PCRA court issued a Pa.R.Crim.P. 907(1) Notice of its intention to dismiss Appellant's PCRA petition without a hearing because of the petition's untimeliness, and it granted appointed counsel's petition to withdraw. The Rule 907 Notice stated:

> Here, [Appellant] was sentenced at both dockets on September 14, 2011. [Appellant] filed a direct appeal at both dockets, and on June 18, 2013, the Superior Court affirmed his judgments of sentence. **Commonwealth v. Cornman**, 970 WDA 2012 (Pa. Super. June 18, 2013)[.] [Appellant] did not file a Petition for Allowance of Appeal. Therefore, [Appellant]'s judgments of sentence became final on July 18, 2013, at the expiration of the thirty-day time period for seeking [review] with the Pennsylvania Supreme Court. 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). Therefore, [Appellant]'s time to file a PCRA petition expired on July 18, 2014. 42 Pa.C.S.A. § 9545(b)(1); 1 Pa.C.S. § 1908. As his current PCRA petitions were not filed until June and [] July [of] 2015, they are patently untimely. Furthermore, [Appellant] has failed to demonstrate a timeliness exception.

Notice, 6/22/16, at 2.

On July 13, 2016, Appellant responded to the court's Rule 907 notice. On July 15, 2016, before the PCRA court received Appellant's response, the court dismissed Appellant's PCRA petition as untimely. On July 26, 2016, the PCRA court issued an "Amended Final Order" that took Appellant's response

---

[19] The amended petition did not further address the timeliness of the petition.

into account and again dismissed Appellant's PCRA petition as untimely.[20]

Appellant thereafter filed a timely notice of appeal and a timely Pa.R.A.P.

1925(b) Concise Statement of Matters complained of on appeal.

Appellant raises three issues in his *pro se* brief to this Court:

1. Did the lower court err when it dismissed Appellant's PCRA petition as being untimely?

2. Was counsel ineffective for failing to file post-sentence motion to correct illegal sentence, where all in both cases should have merged with each other, because both robberies were part of a single "criminal episode"?

3. Was appellant counsel ineffective when he failed to request the Superior Court [hear] re-argument of Appellant's illegal sentence, in which the sentencing court imposed mandatory sentences under [42 Pa.C.S. § 9712]?

Appellant's Brief at 2, 3, 4.

Our standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005).

A PCRA petition must be timely, as the timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date

_____

[20] We note that a court generally retains jurisdiction to amend any order for 30 days. 42 Pa.C.S. § 5505.

the judgment is final unless the petition alleges, and the petitioner pleads and proves, that an exception to the time for filing the petition set forth at 42 Pa.C.S. § 9545(b)(1) is met. **See** 42 Pa.C.S. § 9545(b). One of those exceptions is that —

> the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(iii).[21] A PCRA petition invoking any of the statutory exceptions must "be filed within 60 days of the date the claims could have been presented." 42 Pa.C.S. § 9545(b)(2); **see Hernandez**, 79 A.3d 651-52 (citations omitted).

A PCRA petition may not be filed while an appeal in the same case is pending before an appellate court, be it a direct appeal or appeal of an earlier PCRA petition. **See** Pa.R.A.P. 1701(a); **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000). In the event that a pending appeal of an earlier PCRA petition prevents the immediate filing of a subsequent PCRA petition

_____

[21] The other two exceptions are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

42 Pa.C.S. § 9545(b)(1).

after the one-year deadline, the petitioner must not only file his petition within 60 days of the disposition of the appeal (as that is the earliest his petition could have been presented), but the petitioner still must also show that one of the Section 9545(b)(1) exceptions applies. *Id.*

In his brief, Appellant argues that we affirmed his judgment of sentence on August 18, 2013, and that his sentence became final thirty days later, on September 18, 2013. *See* Appellant's Brief at 2. According to Appellant, he therefore had one year, until September 18, 2014, to file his petition. *Id.* Appellant therefore claims that his instant PCRA petition was timely filed on September 18, 2014, and amended on May 8, 2015, and March 21, 2016. *Id.* at 3.

Appellant's assertions are belied by the record. We affirmed his judgment of sentence on June 18, 2013, not August 18, 2013. As Appellant did not petition for allowance of an appeal with the Supreme Court, his judgment of sentence became final on July 18, 2013, after the 30 day period for filing a petition for allowance of appeal expired. *See* 42 Pa.C.S. § 9545(b)(3). Appellant therefore had one year, or until **July 18, 2014** (not September 18, 2014), to file his PCRA petition. Appellant's instant petition was filed on July 6, 2015, well after that deadline.

Appellant's argument suggests that he believes this appeal is from his September 18, 2014 PCRA petition. That is incorrect. The petition that Appellant filed on September 18, 2014, was dismissed in relation to Case

No. 765-11 (because it was filed when an appeal was pending in that case); and, in relation to Case No. 1079-11, relief under the September 18, 2014 petition was denied by the PCRA court on June 24, 2015. The June 24 decision was appealed by Appellant, but that appeal was then discontinued at Appellant's request. Appellant's present appeal therefore is not from and has nothing to do with the September 18, 2014 petition. And even it did, for the reasons we already have explained, he still would not be entitled to relief because his PCRA deadline expired on July 18, 2014, making the September 18, 2014 petition untimely.[22]

Appellant's instant petition, filed July 6, 2015, was filed within 60 days of the date that his prior appeals on each docket number were completed and the PCRA court regained jurisdiction.[23] However, Appellant must still plead and prove that a timeliness exception under Section 9545(b)(1) applies. **Lark**, 746 A.2d at 588. Appellant's only cogent arguments asserting a timeliness exception are found in his amended petition of July 9, 2015, and

_____

[22] Appellant's argument also suggests that his May 8, 2015 PCRA petition amended the September 18, 2014. The record shows, however, that the May 8, 2015 petition was a new PCRA petition that was dismissed by the PCRA court on June 3, 2015, because of the other appeals that were pending at that time. **See** note 15, *supra*. Like the September 18, 2014 petition, Appellant's May 8, 2015 petition was untimely.

[23] In Case No. 765-11, Appellant had an appeal pending in our Court at No. 1908 WDA 2014 that was dismissed on May 14, 2015; the 60 days therefore ran on July 13, 2015 for that case. In Case No. 1079-11, Appellant's appeal to our Court at No. 623 WDA 2015 was discontinued on June 24, 2015; the 60 days therefore ran on August 23, 2015 for that case.

- 15 -

in his July 13, 2016 response to the PCRA court's Rule 907 Notice. Even assuming that these arguments constitute proper allegations of an exception pursuant to Section 9545(b),[24] the arguments do not entitle Appellant to relief.

In his July 9, 2015, amended petition, Appellant asserts that "all this time must be tolled that was not permitted to have his PCRA heard as a result of the various appeal[s] that were filed that stripped this court of jurisdiction." *See* PCRA Pet., 7/9/15, at 2(a). However, as established by *Lark*, Appellant was not only obligated to file a new PCRA petition within 60 days of the disposition of a prior appeal, but he also had to assert a timeliness exception under Section 9545(b)(1).

In Appellant's July 13, 2016 response to the PCRA court's Rule 907 Notice, Appellant seemed to suggest that his petition was timely because it was filed within sixty days of the United States Supreme Court's decision in *Montgomery v. Louisiana*, 136 S. Ct. 718, 729 (2016), which states, "when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give

_____

[24] Section 9545(b) states that a petition is untimely "unless the petition alleges and the petitioner proves" applicability of one of the timeliness exceptions. 42 Pa. C.S. § 9545(b). The allegations in Appellant's response to the Rule 907 notice were not contained in a "petition," as required by this section. The allegations in Appellant's July 9, 2015 filing are properly considered only if we accept that filing as an amendment of Appellant's July 6, 2015 petition, even though it was filed without leave of court. Because Appellant's arguments regarding an exception are without merit, we need not decide the validity of Appellant's purported amendment.

- 16 -

retroactive effect to that rule." Appellant argues that this statement applies to the new rule of constitutional law articulated in *Alleyne*, which led to most mandatory minimum sentencing schemes being declared unconstitutional. According to Appellant, the rule in *Montgomery* requires that the rule in *Alleyne* be applied retroactively, and renders the mandatory minimum sentences received by Appellant illegal. Furthermore, Appellant states that the mandatory minimum sentencing statute under which he was sentenced should be deemed unconstitutional and therefore ineffective from the date of its enactment. *See* Objs., 7/13/16, at 1-3 (citing *Commonwealth v. Muhammed*, 992 A.2d 897 (Pa. Super. 2010)).

Under 42 Pa.C.S. § 9545(b)(1)(iii), a PCRA petition based on a newly recognized constitutional right is timely if brought within sixty days of the Supreme Court decision announcing that right,[25] and if "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." Therefore, the Supreme Court decision must specifically provide that the right be applied retroactively:

> Subsection (iii) of Section 9545 requires a petitioner to prove "there is a 'new' constitutional right and that the right 'has been held' by 'that court' to apply retroactively." . . . "The language 'has been held' in 42 Pa.C.S. § 9545(b)(1)(iii) means that a

---

[25] We note that Appellant's July 6, 2015 petition was filed before January 25, 2016, the date *Montgomery* was decided.

retroactivity determination must exist at the time that the petition is filed."

***Commonwealth v. Secreti***, 134 A.3d 77, 80–81 (Pa. 2016) (citations and brackets omitted) (quoting ***Commonwealth v. Abdul–Salaam***, 812 A.2d 497, 501 (Pa. 2002)).

Appellant's reliance on ***Montgomery*** is not sufficient to satisfy these requirements. ***Montgomery*** did not hold that ***Alleyne*** announced a new substantive rule of constitutional law that applies retractively. Rather, ***Montgomery*** clarified that the decision in ***Miller v. Alabama***, 567 U.S. 460 (2012) — a case dealing with the constitutional rights of juveniles that has no application here — announced a new substantive rule of law that would be given retroactive application. ***See Secreti***, 134 A.3d at 82. Both the Supreme Court and this Court have held that ***Alleyne*** did **not** announce a new substantive rule of law, and therefore does not apply retroactively to cases pending on PCRA review. ***Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016); ***Commonwealth v. Riggle***, 119 A.3d 1058, 1067 (Pa. Super. 2015).

We recognize that ***Alleyne*** was decided while Appellant's case was still on direct review, and, therefore, application of ***Alleyne*** to Appellant's case would not have been considered retroactive if the issue were raised at that

time.[26] However, this Court can review the legality of a sentence only when it has jurisdiction to do so. ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014). This Court lost jurisdiction over Appellant's direct appeal on August 19, 2013, and Appellant did not raise any issue regarding ***Alleyne*** before we lost jurisdiction. For Appellant to obtain relief now, he was required to have filed a timely PCRA petition, and, for the reasons we have explained, he failed to do so. We therefore are constrained to hold that we are unable to review the legality of Appellant's sentence. ***See id.***; ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (holding, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto"); ***cf. Commonwealth v. Ruiz***, 131 A.3d 54, 59-60 (Pa. Super. 2015) (remanding for resentencing where ***Alleyne*** was decided during defendant's direct appeal, and where defendant filed a timely PCRA petition). Similarly, for that same reason, we have no jurisdiction to review the other issues Appellant seeks to raise in this case. Accordingly, we must affirm the decision by the trial court.

Order affirmed.

President Judge Emeritus Ford Elliott joins the memorandum.

President Judge Gantman concurs in the result.

_____

[26] ***Alleyne*** was decided one day before this Court affirmed Appellant's judgment' of sentence, and, therefore, 31 days before Appellant's judgment of sentence became final.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/7/2017</u>