J-A16018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                            :               PENNSYLVANIA
                            :
          v.                  :
                            :
                            :
ANDREW DAVIS               :
                            :
          Appellant         :     No. 810 EDA 2017

Appeal from the Judgment of Sentence of February 1, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-SA-0003251-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:              **FILED AUGUST 08, 2018**

Andrew Davis appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after his summary appeal was dismissed for failure to appear.  Upon careful review, we vacate and remand for further proceedings.

On July 23, 2015, Davis received a traffic citation for driving with operating privileges suspended or revoked.[1]  The citation set a date of September 24, 2015, for a summary trial in the Traffic Court Division of Philadelphia Municipal Court.  Davis failed to appear for trial and was found guilty *in absentia*.  On October 13, 2015, Davis, acting *pro se*, filed a timely appeal to the court of common pleas for a trial *de novo*.  A status conference was set for December 14, 2015.  In the interim, certified legal intern Nicholas

_____

[1] 75 Pa.C.S.A. § 1543(a).

J. Hubner, then a third-year law student at Drexel University School of Law, began assisting Davis in the matter under the supervision of Patrick T. Ryan, Esquire. On December 8, 2015, Attorney Ryan filed a request to continue the December 14, 2015 status conference because Davis was in South Carolina assisting his ill mother. The request was granted and the conference was rescheduled for February 19, 2016.

On February 19, 2016, Davis appeared with Attorney Ryan and Intern Hubner for the rescheduled status conference. Attorney Ryan filed an entry of appearance on Davis' behalf. The parties did not reach a resolution at the conference; as a result, a trial *de novo* was scheduled for April 25, 2016. Davis signed and dated the trial notice at that time.

On April 25, 2016, Davis again appeared with Attorney Ryan and Intern Hubner for trial. However, the citing police officer was unavailable and the Commonwealth requested a continuance, which the trial court granted. Trial was rescheduled for August 8, 2016, and Davis again signed and dated the rescheduling notice.

On August 8, 2016, Attorney Ryan and Intern Hubner appeared in court and requested a continuance on behalf of Davis, who was attending to an ill grandparent in South Carolina. Attorney Ryan again submitted an entry of appearance on Davis' behalf. The court granted the continuance and rescheduled trial for November 18, 2016. Attorney Ryan signed and dated the notice of trial.

Prior to the November 18, 2016 trial date, now-Attorney Hubner, who had since been admitted to practice in Pennsylvania, submitted a request for a continuance due to a conflict with court-ordered depositions in another matter. The court granted the continuance. Thus, neither Attorney Hubner, Attorney Ryan, nor Davis were in court on November 18, 2016, to receive the written notice of trial, which was rescheduled for February 1, 2017. The docket states: "Service to be mailed out to the defendant[.]" However, there is no docket entry indicating that service was actually effected.

On or around November 18, 2016, Attorney Hubner was advised telephonically by Traffic Court personnel that trial had been rescheduled for February 1, 2017. However, neither Attorney Ryan nor Attorney Hubner ever received written notice of the trial date. On January 31, 2017, Attorney Hubner contacted Traffic Court by telephone to inquire about the upcoming trial date. Attorney Hubner was advised that trial was scheduled for February 6, 2017. Accordingly, neither Attorney Ryan, Attorney Hubner, nor Davis appeared in court on February 1, 2017. When both counsel arrived in court on February 6, 2017, they learned that they had been misinformed and that the matter had, in fact, been listed for February 1, 2017. Because Davis failed to appear, his appeal *de novo* had been dismissed and judgment entered against him.

On February 13, 2017, Attorney Ryan faxed a Petition for Relief from Judgment to Traffic Court Administration. The petition contained affidavits explaining why neither Davis nor his counsel had appeared in court on

February 1, 2017. The following day, Attorney Ryan received a faxed response from John Lynch in Traffic Court Administration stating: "There are no post verdict or post sentence petitions in summary offense matters. The matter must be appealed at Superior Court in Room 206 of the Criminal Justice Center." Fax from John Lynch of Traffic Court, R.R. at 14.

On February 22, 2017, Attorney Ryan again submitted the petition, this time including a cover letter setting forth his argument as to why he believed the petition was proper under the Rules of Criminal Procedure and should be accepted. The petition was never accepted or docketed. Thereafter, Davis filed a timely notice of appeal on March 3, 2017. Davis filed a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) and the trial court filed its Rule 1925(a) opinion on November 9, 2017.

Davis raises the following issues for our review:

1. Did the trial court err in dismissing [Davis'] summary appeal when, as reflected in the docket, there was no service of a Notice of [Rescheduled] Trial on either [Davis] or his counsel when an earlier continuance was granted on November 18, 2016?

2. Did the trial court err when Court Administration declined to accept and docket the post-dismissal Petition for Relief from Judgment that [Davis'] counsel attempted (twice) to submit after the dismissal of [Davis'] summary appeal but before the expiration of the 30-day period that 42 Pa.C.S.§ 5505 provides during which a Pennsylvania court may reconsider any decision?

3. Did the trial court err in dismissing [Davis'] summary appeal when, as [Davis] attempted to show with a post-dismissal Petition for Relief from Judgment, (i) neither [Davis] nor his counsel was served with a Notice of [Rescheduled] Trial when an earlier continuance was granted on November 18, 2016, and (ii) [Davis'] counsel was given an incorrect date for the rescheduled trial *de*

*novo* when he called Traffic Division customer service on January 31, 2017?

Brief of Appellant, at 6-7.

We begin by noting our standard of review, which is limited to whether the trial court committed an error of law and whether the court's findings are supported by competent evidence. ***Commonwealth v. Askins***, 761 A.2d 601, 603 (Pa. Super. 2000). The court's adjudication will not be disturbed on appeal absent a manifest abuse of discretion, which occurs when "the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will." ***Commonwealth v. Holder***, 765 A.2d 1156 (Pa. Super. 2001).

Davis first argues that the trial court erred in dismissing his summary appeal when, as reflected in the docket, there was no service of notice of the rescheduled trial on either Davis or his counsel following the continuance granted prior to the November 18, 2016 trial date. Davis argues that the failure to notify either him or his counsel violates not only the Pennsylvania Rules of Criminal Procedure, but also fundamental notions of procedural due process. We agree.

Pennsylvania Rule of Criminal Procedure 106(E), applicable to both summary and court cases, provides that "[w]hen a continuance is granted, the notice of the new date, time, and location of the proceeding shall be served on the parties as provided in these rules." Pa.R.Crim.P. 106(E). Pursuant to

- 5 -

Pa.R.Crim.P. 114, the clerk of courts is charged with service of such notice as follows:

>   (B) Service

>>   (1) A copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented.

>>   (2) The clerk of courts shall serve the order or court notice, unless the president judge has promulgated a local rule designating service to be by the court or court administrator.

>>   (3) Methods of Service. Except as otherwise provided in Chapter 5 concerning notice of the preliminary hearing, service shall be:

>>>   (a) in writing by

>>>>   (i) personal delivery to the party's attorney or, if unrepresented, the party; or

>>>>   (ii) personal delivery to the party's attorney's employee at the attorney's office; or

>>>>   (iii) mailing a copy to the party's attorney or leaving a copy for the attorney at the attorney's office;
>>>>   . . .

>>>>   (v) sending a copy to an unrepresented party by certified, registered, or first class mail addressed to the party's place of residence, business, or confinement; or
>>>>   . . .

>>>   (b) orally in open court on the record.

Pa.R.Crim.P. 114(B).

Further, Rule 114(C) sets forth the requirements for criminal docket entries:

(C) Docket Entries

(1) Docket entries promptly shall be made.

(2) The docket entries shall contain:

(a) the date of receipt in the clerk's office of the order or court notice;

(b) the date appearing on the order or court notice; and

(c) **the date of service of the order or court notice**.

Pa.R.Crim.P. 114(C) (emphasis added).

Here, Davis was represented and, thus, service was required to have been made upon his counsel in accordance with subsection (B)(3)(a)(i), (ii), or (iii) of Rule 114. According to averments contained in Davis' brief, as well as affidavits executed by both counsel, neither of Davis' attorneys received written notice of the rescheduled trial *de novo*. Moreover, the docket in this matter is devoid of any indication that notice was actually sent as required. Absent such a notation, there is nothing in the certified record to suggest that counsel was properly served with written notice of the rescheduled trial *de novo* as required under Rule 114(B).[2] Although counsel was verbally informed over the telephone of the correct new date at some point in August 2016, counsel was subsequently verbally misinformed of the trial date when he

_____

[2] Rule 114(B) also authorizes notice to be provided orally in open court; however, the docket does not reflect that such notice was given. In any event, the court had previously granted Davis a continuance of the November 18, 2016 trial date, so neither he nor his counsel were in court at the time the new trial date would have been set.

- 7 -

called court administration on January 31, 2017 to confirm that trial was scheduled for the following day. On February 1, 2017, when Davis and his counsel did not appear for the trial *de novo*, the trial court failed to inquire as to whether Davis had been provided proper notice of the rescheduled date. Moreover, the transcript of the brief proceeding does not indicate that the Commonwealth appeared or that it presented any evidence that Davis or his counsel had been served with notice of the hearing.

"[F]undamental procedural due process in our system of jurisprudence embodies the bedrock principle that each participant in the adjudicative process be given adequate notice and the opportunity to be heard." ***Commonwealth v. Parks***, 768 A.2d 1168, 1172 (Pa. Super. 2001) (holding appellant entitled to new trial *de novo* where appellant never received written notice of rescheduled trial *de novo* and docket did not reflect that such notice was sent). Adequate and timely notice to the accused of court proceedings is fundamental to the constitutionally guaranteed right to a fair trial. ***Commonwealth v. Hollerbush***, 444 A.2d 1235, 1239 (Pa. Super. 1982). Thus, it is of paramount importance that criminal defendants be provided with notice, in strict accordance with applicable rules, when an order is issued rescheduling a trial. Because Davis was not provided with such notice as required under Rule 114(B), we must vacate his judgment of sentence and remand for a trial *de novo*.[3]

_____

[3] Because we grant relief with respect to Davis' first appellate claim, we need not address his remaining issues.

Judgment of sentence vacated; case remanded for further proceedings in accordance with the dictates of this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/18