J. S17038/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| TERRANCE LAMONT EDMONDS, | : | No. 1778 MDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered September 25, 2019,
in the Court of Common Pleas of York County
Criminal Division at No. CP-67-CR-0001412-2016

BEFORE:  PANELLA, P.J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED: MAY 11, 2020**

Terrance Lamont Edmonds appeals from the September 25, 2019 order entered by the Court of Common Pleas of York County denying his petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The factual history of this case was set forth by a previous panel of this court, and we need not restate it here.  On March 21, 2017, a jury convicted appellant of one count of possession of a controlled substance with the intent to deliver[1] ("PWID") at CP-67-CR-1412-2016 ("No. 1412-2016") and one count of delivery of a controlled substance at CP-67-CR-3899-2016 ("No. 3899-2016") following a consolidated trial.  The trial court sentenced

---

[1] 35 P.S. § 780-113(a)(30).

appellant to an aggregate term of 6½ to 13 years' imprisonment. Appellant filed a notice of appeal, and a previous panel of this court affirmed the judgment of sentence at both docket numbers. ***Commonwealth v. Edmonds***, 188 A.3d 510 (Pa.Super. 2018) (unpublished memorandum). Our supreme court denied appellant's subsequent petition for allowance of appeal on October 2, 2018. ***Commonwealth v. Edmonds***, 195 A.3d 163 (Pa. 2018). Appellant did not file a petition for a writ of ***certiorari*** with the Supreme Court of the United States.

On May 16, 2019, appellant filed a timely ***pro se*** PCRA petition. The PCRA court appointed counsel to represent appellant, and counsel filed an amended PCRA petition on September 9, 2019. On September 25, 2019, the PCRA court entered an order denying appellant's PCRA petition without a hearing.

Appellant filed a timely notice of appeal.[2] The PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and appellant timely complied. The PCRA court subsequently filed a statement in lieu of an opinion pursuant to

---

[2] We note that while appellant's May 16, 2019 ***pro se*** PCRA petition listed both docket numbers, appellant's September 9, 2019 counseled amended PCRA petition and the notice of appeal only listed No. 1412-2016. (***See pro se*** PCRA petition, 5/16/19; amended PCRA petition, 9/9/19; appellant's notice of appeal, 10/24/19.) The PCRA court's order dismissing appellant's PCRA petition only listed No. 1412-2016. (***See*** PCRA court order, 9/25/19; ***see also*** PCRA court opinion, 9/25/19 at 2 n.1.) Because the order at issue only lists one docket number, we find that our supreme court's decision in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), is not applicable here.

Pa.R.A.P. 1925(a) in which it relies upon its September 25, 2019 opinion filed

with the order dismissing appellant's PCRA petition.

Appellant raises the following issue for our review:

> Whether the PCRA Court abused its discretion by denying [appellant's] PCRA petition and not finding counsel was ineffective for failing to object to an erroneous jury instruction misstating the burden of proof where jurors are presumed to follow the trial court's instruction and there are several cases that support a finding of ineffective assistance of counsel or failing to seek proper jury instruction, including *Commonwealth v. Perez*, [Footnote 1] *Commonwealth v. Moore*, [Footnote 2] and *Commonwealth v. Hawkins*[Footnote 3]?
>
> > [Footnote 1] 103 A.3d 344 (Pa. Super. 2014)[.]
> >
> > [Footnote 2] 715 A2d 448 (Pa. Super. 1998)[.]
> >
> > [Footnote 3] 894 A.2d 716 (Pa. 2006). While this case was cited in Defendant's original 1925(b) statement, upon further review it is determined that this case was applicable [sic] to the present case, and therefore is not discussed *infra*.

Appellant's brief at 4.

We begin with our well-settled standard of review.

> "[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Dennis*, [] 17 A.3d 297, 301 ([Pa.] 2011) (citation omitted). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. *Id.*, at 305 (citations omitted). To obtain PCRA relief,

> appellant must plead and prove by a preponderance of the evidence: (1) his conviction or sentence resulted from one of more of the errors enumerated in 42 Pa.C.S.[A.] § 9543(a)(2); (2) his claims have not been previously litigated or waived, *id.*, § 9543(a)(3); and (3) "the failure to litigate the issue prior to or during trial . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel[,]" *id.*, § 9543(a)(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue[.]" *Id.*, § 9544(a)(2). "[A]n issue is waived if [appellant] could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." *Id.*, § 9544(b).

*Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015).

In his sole issue on appeal, appellant alleges ineffective assistance on the part of his trial counsel. Under the PCRA, an individual is eligible for post-conviction relief if the conviction was the result of "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). When considering whether counsel was ineffective, we are governed by the following standard:

> [C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668 [] (1984). This Court has described the *Strickland* standard as tripartite by dividing the performance element into two

> distinct components. ***Commonwealth v. Pierce***, [] 527 A.2d 973, 975 ([Pa.] 1987). Accordingly, to prove counsel ineffective, the petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.
>
> ***Commonwealth v. Busanet***, [] 54 A.3d 34, 45 ([Pa.] 2012) (citations formatted). Furthermore, "[i]n accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the [***Pierce***] test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 910 (Pa.Super. 2009).

***Commonwealth v. Perzel***, 116 A.3d 670, 671-672 (Pa.Super. 2015), ***order vacated on other grounds***, 166 A.3d 1213 (Pa. 2017).

In the instant case, appellant alleges that his trial counsel rendered ineffective assistance because he failed to object to the following instruction that the trial court provided to the jury:

> So to summarize, you may not find [appellant] guilty based on a mere suspicion of guilt. The Commonwealth has the burden of proving [appellant] guilty beyond a reasonable doubt. If it meets that burden, then [appellant] is no longer presumed innocent and you should find him guilty. **On the other hand, if the Commonwealth does not meet its burden, then you must find him guilty.**

Notes of testimony, 3/22/17 at 223 (emphasis added), cited by appellant's brief at 8.

We begin our analysis with the prejudice prong under **Pierce**. Our supreme court has held that a PCRA petitioner establishes prejudice within the context of an ineffective assistance of counsel claim when he or she, "demonstrat[es] there is a reasonable probability that, but for counsel's error, the outcome of the proceedings would have been different." **Commonwealth v. Keaton**, 45 A.3d 1050, 1061 (Pa. 2012), citing **Commonwealth v. Kimball**, 724 A.2d 326, 332 (Pa. 1999).

In the context of ineffective assistance of counsel claims pertaining to jury instructions, our supreme court's decision in **Commonwealth v. Koehler**, 36 A.3d 121 (Pa. 2012), is instructive here. In **Koehler**, the defendant filed a PCRA petition alleging, **inter alia**, ineffective assistance of counsel because counsel failed to raise an objection to an erroneous jury instruction pertaining to the defendant's intent to kill in a first-degree murder case. **Id.** at 153. The defendant alleged that the trial court's instruction at issue in **Koehler** "reliev[ed] the Commonwealth of its burden of proving all elements of first degree murder." **Id.** The **Koehler** court concluded that the trial court's jury instructions, when read in their entirety, correctly described the elements of first-degree murder, including the requisite intent to kill. **Id.** at 156 (citation omitted); **see also Commonwealth v. Lesko**, 15 A.3d 345, 397 (Pa. 2011) ("It is well settled that in reviewing a challenge to a jury instruction the charge, as a whole, must be considered.").

Based on our review of the trial court's charge to the jury, we note that the trial court addressed the Commonwealth's burden of proof six times, including the instruction at issue here:

> Furthermore, [appellant] is presumed innocent throughout the trial and unless and until you conclude based on a careful consideration of the evidence that the Commonwealth has proven him guilty beyond a reasonable doubt.
>
> It is not [appellant's] burden to prove that he is not guilty. Instead, it is the Commonwealth that always has the burden of proving each and every element of the crimes charged and that [appellant] is guilty of those crimes beyond a reasonable doubt.

Notes of testimony, 3/22/17 at 221-222.

> If the Commonwealth's evidence fails to meet its burden, then your verdict must be not guilty. On the other hand, if the Commonwealth's evidence does prove beyond a reasonable doubt that [appellant] is guilty, then your verdict must be guilty.

*Id.* at 222.

> The Commonwealth has the burden of proving [appellant] guilty beyond a reasonable doubt. If it meets that burden, then [appellant] is no longer presumed innocent and you should find him guilty. On the other hand, if the Commonwealth does not meet its burden, then you must find him guilty.

*Id.* at 223.

> If the Commonwealth has proven all of these elements beyond a reasonable doubt, then you should find [appellant] guilty of this charge. If the Commonwealth has failed to prove at least one element beyond a reasonable doubt, then you must find [appellant] not guilty.

*Id.* at 234-235.

> You may conclude that [appellant] had the intent to deliver based on circumstantial evidence alone, but only if the circumstantial evidence is strong enough to convince you that the Commonwealth has established this intent beyond a reasonable doubt.

*Id.* at 237.

> If you are satisfied that the elements of delivering a controlled substance have been proven beyond a reasonable doubt, you should find [appellant] guilty. Otherwise, even if one of the elements has not been proven beyond a reasonable doubt, you must find [appellant] not guilty of this crime.

*Id.* at 238.

After considering the trial court's entire charge to the jury prior to deliberation, we find that appellant did not establish that the trial court's isolated error prejudiced him in such a way that there was a reasonable probability that the outcome of the trial would have been different but for trial counsel's failure to object to the trial court's jury instructions. *Koehler*, 36 A.3d at 156; *Keaton*, 45 A.3d at 1061. Accordingly, the PCRA court's findings are supported by the record and free of legal error.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>05/11/2020</u>